STURGIS v STURGIS

Docket No. 313672. Submitted August 7, 2013, at Lansing. Decided
     September 17, 2013. Approved for publication October 22, 2013, at
     9:05 a.m.

     Kimberly Sturgis (plaintiff) and Urian Sturgis, Sr. (defendant), were
        divorced in 2000. Following that time, defendant's parenting time
        with the children was suspended and reinstated several times and
        changed more than once from supervised to unsupervised and
        back again. In 2012, defendant moved in the Wayne Circuit Court,
        Family Division, for a change of custody. The court, Maria L.
        Oxholm, J., denied the motion but reinstated defendant's parent-
        ing time. Plaintiff appealed, additionally asserting that the court
        had erred by failing to hold a de novo hearing on her motion for
        termination of defendant's parental rights.

        The Court of Appeals held:

        1. MCL 552.507(4) provides that upon the written request of
     either party or motion of the court, the trial court must hold a de
     novo hearing on any matter that has been the subject of a referee
     hearing. The referee, however, did not deny plaintiff's motion to
     terminate defendant's parental rights, but instead stated that the
     trial court could address it at a later hearing. Because the referee
     did not rule on the issue of termination, the statute did not require
     the trial court to hold a de novo hearing. The trial court, which was
     in the domestic-relations section of the family division of the
     Wayne Circuit Court, had jurisdiction to hear and decide the
     termination issue but decided that the juvenile section of the
     family division was more capable of deciding the matter because
     the judge had never handled a termination case and the ongoing
     divorce case was a separate matter. In light of the Wayne Circuit
     Court's division of labor in its family division, the trial court chose
     to conserve the resources of the court, as it was authorized to do
     under MCR 3.215(F)(2), and its decision to not handle the matter
     was not legally erroneous.

        2. The trial court's findings with regard to a reasonable
     likelihood of abuse or neglect during defendant's parenting time
     were against the great weight of the evidence, and the court
     committed a palpable abuse of discretion. Plaintiff argued that the

trial court incorrectly determined that it was in the children's best interests to reinstate defendant's parenting time. Under MCL 722.27(1)(c), a trial court may modify or amend its previous judgments or orders for proper cause shown or because of a change of circumstances. If the proposed change does not change the custodial environment, the burden is on the parent proposing the change to establish by a preponderance of the evidence that the change is in the child's best interests. A trial court may use both the statutory best-interest factors in the Child Custody Act, MCL 722.23, and the factors listed in the parenting-time statute, MCL 722.27a(6), when deciding whether to award parenting time. MCL 722.27a(6)(c) provides that a court may consider whether there is a reasonable likelihood of abuse or neglect of the child during parenting time. The Court of Appeals took judicial notice of two prior cases in which defendant's parental rights to other children were terminated. The trial court in this case knew about defendant's entire history, yet concluded that he nonetheless should have parenting time with the two children, who clearly exhibited behavioral and emotional problems based on defendant's conduct. Defendant's criminal sexual conduct convictions; his history of violence; his son's plea that he not be in defendant's care; his abhorrent, abusive behavior towards the children in the other cases, including repugnant disciplinary tactics; and his outright denial of culpability suggested a strong likelihood of future abuse or neglect of the children during parenting time.

Affirmed in part and reversed in part.

Kimberly Sturgis *in propria persona.*

Before: SAAD, P.J., and K. F. KELLY and GLEICHER, JJ.

PER CURIAM. Plaintiff appeals the trial court's ruling on defendant's motion for a change in custody. Plaintiff specifically challenges the trial court's failure to hold a de novo hearing on her motion for termination of defendant's parental rights and the trial court's order reinstating defendant's parenting time. For the reasons set forth, we affirm in part and reverse in part.

Plaintiff argues that the trial court erred by denying her a de novo hearing on the subject of her termination motion. "Whether there is a statutory requirement for a hearing de novo . . . is a question of law calling for

review de novo on appeal." *Cochrane v Brown*, 234 Mich App 129, 131; 592 NW2d 123 (1999). MCL 552.507(4) provides:

> The court shall hold a de novo hearing on any matter that *has been the subject of a referee hearing*, upon the written request of either party or upon motion of the court. The request of a party shall be made within 21 days after the recommendation of the referee is made available to that party. [Emphasis added.]

MCR 3.215(F)(2) provides, in relevant part:

> The court may [during a de novo hearing], in its discretion:
>
> *   *   *
>
> (d) impose any other reasonable restrictions and conditions to conserve the resources of the parties and the court.

MCL 712A.19b(1) provides that a "child, guardian, custodian, concerned person, agency, or children's ombudsman" may file a petition to terminate a person's parental rights.

MCL 552.507(4) does not require the trial court to hold a de novo hearing because the termination issue was not the subject of the referee hearing. The referee did not deny plaintiff's motion to terminate defendant's parental rights, but instead stated that the trial court could address it at a later hearing. The purpose of a de novo hearing is for the trial court to "render[] its own decision based on the evidence, independent of any prior . . . ruling." *Heindlmeyer v Ottawa Co Concealed Weapons Licensing Bd*, 268 Mich App 202, 219; 707 NW2d 353 (2005). Because the referee did not make a ruling on the issue of termination, there was no basis for a de novo hearing.

The trial court had jurisdiction to hear and decide the termination issue, but the trial court decided that the juvenile section of the family division of the circuit court was more capable of deciding the matter.

> The Wayne Circuit Court developed a family court plan that divided its family division into a juvenile section and a domestic relations section, each of which is assigned particular causes of action in part because the geographical distance between the Lincoln Hall of Justice (where child protective proceedings are heard) and the Coleman A. Young Municipal Building (where domestic relations matters are heard.) Wayne Circuit Court Administrative Order No. 1997–04; Wayne Circuit Court Administrative Order No. 1997–05. For example, the juvenile section is assigned delinquency and abuse and neglect cases, whereas the domestic relations section is assigned cases pertaining to divorce, paternity, support, custody, and emancipation of minors. Each section, however, has the same authority and jurisdiction as the other section over matters enumerated in MCL 600.1021. [*In re AP*, 283 Mich App 574, 595-596; 770 NW2d 403 (2009).]

The trial court determined that plaintiff should file a petition in the juvenile section of the family division of the circuit court because the judge had never handled a termination case and the ongoing divorce case was a separate matter. In light of the Wayne Circuit Court's division of labor, the trial court chose "to conserve the resources of . . . the court." MCR 3.215(F)(2)(d). Thus, while the court clearly could have handled the matter, its decision not to do so was not legally erroneous.

Plaintiff argues the trial court incorrectly determined that it was in the children's best interests to reinstate defendant's parenting time. An appellate court must affirm a trial court's parenting-time orders " 'unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear

legal error on a major issue.' " *Shade v Wright*, 291 Mich App 17, 20-21; 805 NW2d 1 (2010) (citation omitted). "Under the great weight of the evidence standard, this Court should not substitute its judgment on questions of fact unless the facts clearly preponderate in the opposite direction." *Id.* at 21. "In child custody cases, '[a]n abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias.' " *Id.* (citation omitted) (alteration in original). "Clear legal error occurs 'when the trial court errs in its choice, interpretation, or application of the existing law.' " *Id.* (Citation omitted.)

"Under MCL 722.27(1)(c), a trial court may '[m]odify or amend its previous judgments or orders for proper cause shown or because of change of circumstances . . . .' " *Id.* at 22 (alterations in original). The definition of "proper cause" or "change of circumstances" is "more expansive . . . when a modification in parenting time does not alter the established custodial environment." *Id.* at 28.

"If the proposed change does not change the custodial environment, . . . the burden is on the parent proposing the change to establish, by a preponderance of the evidence, that the change is in the child[ren's] best interests." *Id.* at 23. A trial court may use "[b]oth the statutory best interest factors in the Child Custody Act, MCL 722.23, and the factors listed in the parenting time statute, MCL 722.27a(6)" when deciding whether to award parenting time. *Id.* at 31. When a trial court makes a parenting-time decision, it may limit its findings to the contested issues. *Id.* at 31-32.

MCL 722.23 lists the following relevant best-interest factors:

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

* * *

(i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

* * *

(*l*) Any other factor considered by the court to be relevant to a particular child custody dispute.

MCL 722.27a(6)(c) provides that a court may consider whether there is a "reasonable likelihood of abuse or neglect of the child during parenting time."

With all due respect to the trial court, we strongly disagree with its implicit finding that there was not a "reasonable likelihood of abuse or neglect of the child during parenting time." MCL 722.27a(6)(c). Since the divorce judgment in 2000, the trial court repeatedly changed defendant's parenting time from supervised to unsupervised and back again, his parenting time was suspended and reinstated numerous times, and defendant only sporadically attended supervised parenting visits. At age 10, defendant's daughter was drawing sexually explicit pictures at school, and his son, age 12, was writing letters stating that he was sexually active and that he likes to watch pornographic films. Plaintiff also reported to the police that defendant's other daughter, age 11, asked his son to touch her breast. The trial court stated that there was no violation of any law and that it did not believe that defendant was intentionally showing the children pornography. However, the court acknowledged defendant's use of inappropriate language in disciplining his son, but suggested that discipline "was not the worst thing in the world" for the

child. The court disregarded the son's statement that he did not wish to be with his father at all.

The record reveals that defendant has at least two prior criminal sexual conduct convictions and that he failed to register as a sex offender as required by state law. While the record reflects that the trial court was aware of the entirety of defendant's history, we specifically take judicial notice of *In re Stephens*, unpublished opinion per curiam of the Court of Appeals, issued March 29, 2007 (Docket Nos. 271015 and 271016), and *In re Sturgis*, unpublished opinion per curiam of the Court of Appeals, issued May 15, 2008 (Docket Nos. 280118 and 280119).

In *Stephens*, unpub op at 2, this Court affirmed the trial court's decision to terminate defendant's parental rights to one minor child. Evidence showed that defendant had severely abused another child in the household, beating and whipping the child with a belt and causing burns, bruises, and marks on the child's body. *Id.* at 4. Defendant also admitted that he punished the child "by forcing him to stand in a closet and to stand with his arms outstretched for long periods of time." *Id.* In the same case, this Court observed that defendant had caused severe injuries to yet another child in the household when he bathed the child "in scalding hot water, either negligently or as a punishment for failures in toilet training." *Id.* at 5. Defendant had previously caused bruises, marks, and burns on the same child. *Id.* The police were unable to prosecute defendant for the abuse because the mother, Jennifer Stephens, refused to cooperate with the police. *Id.* In the case, "[t]he majority of caseworkers and other professional opined that . . . abuse by [defendant] would likely recur." *Id.* at 6.

In *Sturgis*, unpub op at 2, defendant's parental rights were terminated for another child, Y., who was born during the proceedings in *Stephens*. This Court observed that termination of defendant's parental rights to the baby was proper under MCL 712A.19b(3)(b)(*i*), which states that the court may terminate parental rights if

> [t]he child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:
>
> (*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.

Defendant did not challenge that ground for termination, but this Court observed that it had

> determined in *In re Stephens, supra*, slip op at 5–6, that [defendant] caused physical injury or physical abuse of [Y.'s] siblings, [Z.] and [S.]. Further, there is a reasonable likelihood that [Y.] would suffer physical injury or abuse in the foreseeable future if placed in [defendant's] home. [Defendant] continued to blame his inappropriate behavior on his upbringing and attempted to minimize what happened previously. He also denied using some of the forms of punishment described by [Z.] and claimed that [Z.] slept in the basement because he wanted to. [Defendant] admitted that [S.] was seriously burned while in his care, but gave several explanations for how it happened, denied the severity of the burns, and continued to maintain that it was an accident. He never addressed the older injuries that were detected on [S.]. He also never addressed the inappropriateness of potty training a child in a basement laundry tub. Additionally, his testimony denying criminal responsibility associated with his prior convictions for criminal sexual conduct, his lawsuits associated with these proceedings, and his accusations of corruption and racism

demonstrate a pattern of blaming others rather than accepting responsibility for his actions. The trial [court] did not clearly err in finding that there was a reasonable likelihood that [Y.] would be injured or abused in the foreseeable future if placed in [defendant's] home. [*Id.* at 2-3.]

The Court also noted other grounds for terminating defendant's parental rights to the child:

The evidence showed that [Y.] spent her first three weeks in the care of her paternal grandmother, whom [defendant] admitted was an alcoholic. Further, [defendant] continued to fail to accept responsibility for his prior abusive behavior and Stephens continued to minimize his culpability and make excuses for his behavior. Thus, there was a reasonable likelihood that [Y.] would be injured or abused if placed in the care of either respondent.

With regard to [MCL 712A.19b(3)(k)(*iii*)], this Court determined in *In re Stephens, supra*, slip op at 5–6, that [defendant's] abuse of [Y.'s] siblings included battering, torture, and other severe physical abuse. The trial court did not clearly err in finding that termination of [defendant's] parental rights was appropriate under [MCL 712A.19b(3)(k)(*iii*)]. [*Id.* at 3.]

Again, the record indicates that the trial court knew about defendant's entire history, yet concluded that defendant should have parenting time with the two children now at issue, who clearly exhibited behavioral and emotional problems resulting from defendant's conduct.

While we generally affirm parenting-time orders, the record in this case simply demands a different result, and we specifically hold that the trial court's findings with regard to the lack of a reasonable likelihood of abuse or neglect were against the great weight of the evidence and that the court committed a palpable abuse of discretion. *Shade*, 291 Mich App at 20-21. The record,

including defendant's criminal sexual conduct convictions, his son's plea that he not be in defendant's care, and defendant's abhorrent, abusive behavior towards the other children in cases before this Court strongly suggest a "reasonable likelihood of abuse or neglect of the child during parenting time." MCL 722.27a(6)(c). Indeed, defendant's history of violence, repugnant disciplinary tactics, and outright denial of culpability indicate a strong likelihood of continued abuse, just as the Court found in defendant's prior termination cases.

Affirmed in part and reversed in part.

SAAD, P.J., and K. F. KELLY and GLEICHER, JJ., concurred.