# STATE OF MICHIGAN

# COURT OF APPEALS

In re STURGIS, Minors.

UNPUBLISHED
April 28, 2015

No. 324127
Wayne Circuit Court
Family Division
LC No. 13-514853-NA

Before: M. J. KELLY, P.J., and WILDER and K. F. KELLY, JJ.

PER CURIAM.

Petitioner, who is the mother of the two minor children at issue, appeals by right the trial court's order denying her request to terminate the parental rights of respondent, who is the father of the children and petitioner's former husband, and dismissing jurisdiction over the children. For the reasons more fully explained below, we vacate the trial court's order and remand for a hearing on the children's best interests.

## I. BASIC FACTS

Petitioner and respondent were apparently married in 1998. They had two children: URS in 1998 and BJS in 2001. In 2000, petitioner sued respondent for divorce and the trial court granted the divorce. See *Sturgis v Sturgis*, 302 Mich App 706, 711; 840 NW2d 408 (2013). In the judgment of divorce, the trial court provided respondent with supervised parenting time, but over the years the trial court entered several orders changing his parenting time from supervised to unsupervised and back again. The trial court also suspended respondent's parenting time on several occasions. *Id.*

In 2004, respondent was living with his then pregnant girlfriend and her two children from a previous relationship when the Department of Human Services removed the girlfriend's two children from the household. See *In re Stephens*, unpublished opinion per curiam of the Court of Appeals, issued March 29, 2007 (Docket Nos. 271015 and 271016). The Department removed the children on the basis of evidence that respondent physically abused his girlfriend's children; specifically, evidence that he burned one child with scalding water after a potty-training incident and used inappropriate discipline, including whippings with a belt. *Id.* There was evidence that respondent had convictions for two separate incidents of criminal sexual conduct, an explosive temper, and that he refused to take responsibility for his inappropriate acts, including the conduct that resulted in his convictions, which suggested that he would continue to pose a danger to the children. *Id.* Respondent's girlfriend gave birth to their child in 2004 and respondent married his girlfriend in 2005. After respondent failed to benefit from services, the

Department sought termination of respondent's parental rights to his newborn child and the trial court ultimately granted the request in 2006. *Id.*

In 2006, respondent had another child with his wife and the Department similarly removed that child from respondent's care. See *In re Sturgis*, unpublished opinion per curiam of the Court of Appeals, issued May 15, 2008 (Docket Nos. 280118 and 280119). The trial court in that case terminated respondent's rights to the child in 2007. The court relied on the evidence of abuse involving the child's siblings and the evidence that respondent still refused to accept responsibility for his actions. *Id.*

In 2012, respondent sought a change in custody in the divorce case, which petitioner opposed. Petitioner also asked the trial court to terminate respondent's parental rights to the minor children. The trial court denied respondent's motion to change custody, but reinstated his parenting time. The court also refused to consider petitioner's request to terminate respondent's parental rights because it had not handled a termination case before; instead, it stated that petitioner should file a petition to terminate in the family division of the circuit court. See *Sturgis*, 302 Mich App at 709.

Petitioner appealed in this Court and this Court determined that the trial court did not err when it refused to consider her request to terminate respondent's parental rights. *Id.* However, this Court agreed that the trial court erred when it reinstated respondent's parenting time:

> While we generally affirm parenting-time orders, the record in this case simply demands a different result, and we specifically hold that the trial court's findings with regard to the lack of a reasonable likelihood of abuse or neglect were against the great weight of the evidence and that the court committed a palpable abuse of discretion. The record, including [respondent's] criminal sexual conduct convictions, his son's plea that he not be in [respondent's] care, and [respondent's] abhorrent, abusive behavior towards the other children in cases before this Court strongly suggest a "reasonable likelihood of abuse or neglect of the child during parenting time." Indeed, [respondent's] history of violence, repugnant disciplinary tactics, and outright denial of culpability indicate a strong likelihood of continued abuse, just as the Court found in [his] prior termination cases. [*Id.* at 714-715 (citations omitted).]

For those reasons, this Court affirmed the trial court in part, but reversed its parenting time decision. *Id.* at 715.

In October 2013, after this Court affirmed the trial court's decision to refuse to hear petitioner's request to terminate respondent's parental rights in the divorce case, petitioner filed the present petition to terminate respondent's parental rights. In her petition, petitioner relied on the prior termination cases as evidence that respondent was abusive and posed a danger to the children. She specifically alleged that he had not benefited from the services provided in those cases and continued to blame others rather than accept responsibility for his actions. She also alleged that he had exposed the children to pornographic materials, which resulted in the children engaging in inappropriate sexual behaviors. Petitioner amended her petition in November 2013 to include new allegations. On the basis of the allegations, she asked the trial court to take

jurisdiction of the children under MCL 712A.2(b)(1) and (b)(2), and terminate respondent's parental rights to the children under MCL 712A.19b(3)(g), (i), (j), (*l*), and (n).

The trial court held a trial over two days in May 2014. At the trial, petitioner tried to present evidence of respondent's prior history of abuse and neglect, which warranted limiting him to supervised parenting time. However, the trial court expressed reservations about the relevance of any testimony concerning past allegations and instructed petitioner's lawyer to call his next witness. Thereafter, petitioner primarily presented evidence that the children had acted out in sexually inappropriate ways and that the problem originated from their exposure to pornographic materials while in respondent's care. In addition to the evidence concerning the children's exposure to pornography, URS testified that his father threatened him with a gun and would give him "whippings."

After the close of proofs, the trial court acknowledged the testimony and evidence, including respondent's criminal history and history of prior terminations, but found that the children's testimony was unhelpful. It found that the testimony by URS was "utterly fantastic" and opined that it was a "shame that he was brought in here to testify." For that reason, it rejected his testimony. The court agreed that there was evidence to support taking jurisdiction, but stated that the evidence for termination was "minuscule." It felt the evidence was insufficient despite recognizing that respondent's parental rights to other children had been terminated for abuse and despite the evidence that he had been convicted of two separate incidents of criminal sexual conduct. The court concluded by stating that there would be a best interests hearing after a clinical evaluation. After a meeting in chambers, the trial court clarified that it found insufficient evidence to support a ground for termination. Instead, it submitted the matter to another judge—with the parties' agreement—to consider whether the court should retain jurisdiction.

A different judge held a dispositional hearing in August 2014. The court stated that it would dismiss jurisdiction because petitioner failed to substantiate the allegations. The trial court entered an order dismissing jurisdiction in September 2014. In an addendum attached to the order, the trial court opined that the children were not in danger and that it was not in the children's best interests to terminate respondent's parental rights.

Petitioner then appealed in this Court.

## II. TERMINATION

### A. STANDARDS OF REVIEW

On appeal, petitioner argues that the trial court clearly erred when it found that she failed to establish grounds for termination and that termination was in the children's best interests. Before terminating a respondent's parental rights, the trial court must find that at least one of the statutory grounds listed in MCL 712A.19b(3) has been established by clear and convincing evidence. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). Once the trial court finds that a statutory ground has been proved by clear and convincing evidence, the court must order termination of parental rights if it also finds that termination is in the child's best interests. MCL 712A.19b(5). This Court reviews for clear error the trial court's

determination that a ground for termination has been proved by clear and convincing evidence and that termination is in the child's best interests. *In re Rood*, 483 Mich 73, 90-91, 126 n 1; 763 NW2d 587 (2009); MCR 3.977(K).

## B. ANALYSIS

The present appeal has been somewhat complicated by the trial court's use of imprecise language in making its findings and determinations; the trial court stated that it found grounds for taking jurisdiction, found that the evidence for termination was miniscule, and then stated that it would need to conduct a best interests hearing, which would normally only be necessary if it found that petitioner had established a ground for termination. See, generally, *In re Sanders*, 495 Mich 394, 405-407; 852 NW2d 524 (2014) (explaining the difference between the trial or adjudicative phase in which the trial court considers the evidence in support of asserting jurisdiction over the children and the dispositional phase in which the trial court determines how best to protect the children and which may result in termination of the parent's parental rights); MCL 712A.19b(5) (stating that the trial court must terminate the parent's parental rights if it finds a ground for termination and that termination is in the child's best interests). After a meeting in chambers, the trial court clarified that it found that petitioner had not established a ground for termination and that no best interests hearing would be required. It then referred the matter to another judge for a determination on the propriety of continuing jurisdiction. That judge held a dispositional hearing and found that petitioner had not substantiated the allegations, which seemed to contradict the prior finding of jurisdiction, and then proceeded to find that termination would not be in the children's best interests. The court then recommended that jurisdiction be dismissed.

The judge who conducted the trial did not clearly err when it found that there was sufficient evidence to warrant taking jurisdiction over the children. *In re Sanders*, 495 Mich at 405. However, to the extent that the trial court found that petitioner had not established by clear and convincing evidence *any* ground for termination, its finding was clearly erroneous. MCR 3.977(K). Even if the trial court was unwilling to accept the oldest child's testimony, respondent's history with Child Protective Services was sufficient to permit a finding that grounds for termination were established under MCL 712A.19b(3)(g) and (j) by clear and convincing evidence. Respondent's history of abuse and use of inappropriate discipline with the other children permits an inference that he will subject the children at issue here to similar abuse and extreme discipline. See *In re Hudson*, 294 Mich App 261, 266; 817 NW2d 115 (2011). Moreover, it was undisputed that respondent had had his parental rights to two other children terminated after it was found that he abused the children's siblings, had not benefited from his services, and posed a risk of abuse to his children. This evidence established grounds for terminating respondent's parental rights under MCL 712A.19b(3)(i). Yet the trial court inexplicably stated that there was miniscule evidence to establish a ground for termination. Only one statutory ground needs to be proved in order to terminate parental rights. *In re McIntyre*, 192 Mich App 47, 50; 480 NW2d 293 (1991). Consequently, we are left with the definite and firm conviction that the trial court erred when it found that petitioner failed to establish *any* ground for termination.

To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination set forth in MCL 712A.19b(3) has been met by clear and convincing evidence and that termination is in the best interests of the children. MCL 712A.19b(5); *In re Sours*, 459 Mich 624, 632-633; 593 NW2d 520 (1999). Although the court that handled the dispositional hearing after the adjudicative trial opined that termination was not in the children's best interests, it did not address that finding in such a way as to permit meaningful appellate review. See MCR 3.977(I). Moreover, as already noted, the court that conducted the trial found that petitioner had not established a ground for termination and referred the case to the new judge for a hearing on whether to retain jurisdiction; as such, it is unclear whether the best interests finding was related to that issue. Therefore, we cannot affirm on the alternate ground that the trial court found that termination was not in the children's best interests under the totality of the circumstances. Because the trial court clearly erred when it found that petitioner had not established a ground for termination and did not sufficiently address the best interests of the children, it is necessary to remand for a hearing on the children's best interests.

We are further troubled by the trial court's failure to address the prior termination proceedings and the details of respondent's criminal history. Even though petitioner did not flesh out the details of these prior events at the termination trial, the trial court had ready access to the three opinions from this Court, which would have shed light on the nature and severity of the prior abuse, and could have obtained records on the convictions. The trial court recognized that respondent's parental rights were terminated to other children, but then failed to consider the reasons why his parental rights were terminated and what that might mean for the children in this case. As already discussed, this Court previously determined that the record, including respondent's criminal sexual conduct convictions, his son's plea that he not be placed in his father's care, and respondent's abhorrent, abusive behavior toward other children in his household, supported a finding that he might abuse or neglect these children too. *Sturgis*, 302 Mich App 714-715.

The evidence of the circumstances surrounding respondent's criminal sexual conduct convictions,[1] his prior acts of physical abuse, and his anger issues might also have provided the trial court with valuable insight into the children's testimony. It might have helped the trial court better evaluate whether URS was telling the truth when he testified that his father whipped him and threatened him and was relevant to determining whether respondent posed a risk to the children. As this Court has explained, a trial court's findings on the best interests of the children should be informed by the totality of the surrounding circumstances:

> The trial court should weigh all the evidence available to determine the children's best interests. To determine whether termination of a parent's parental rights is in a child's best interests, the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting

---

[1] A review of the records involved in prior appeals suggests that one incident involved a multiple offender situation with a weapon and forced sexual acts and the other incident involved a person who was mentally incapable of consent.

ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White Minors*, 303 Mich App 701, 713-714; 846 NW2d 61 (2014) (citations and quotation marks omitted).]

Accordingly, in making its findings on remand, the trial court shall specifically address the facts of respondent's prior terminations and his criminal conduct and how those facts impacted its best interests determination.

### III. CONCLUSION

For these reasons, we vacate the trial court's order dismissing the petition and remand for a hearing to determine whether termination of respondent's parental rights are in the children's best interests. On remand, the trial court shall make a factual record and determination regarding the best interests of each child individually. In rendering its decision, the trial court shall address whether and to what extent the facts involved in respondent's prior terminations and his criminal history informed the court's findings concerning the children's best interests. Finally, the trial court shall enter an order consistent with its findings.

Vacated and remanded for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Michael J. Kelly
/s/ Kurtis T. Wilder

K. F. Kelly, J., did not participate.

# Court of Appeals, State of Michigan

## ORDER

In re Sturgis Minors

Docket No.    324127

LC No.    13-514853-NA

Michael J. Kelly
Presiding Judge

Kurtis T. Wilder

Kirsten Frank Kelly
Judges

---

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, we remand this case for a hearing to determine whether termination of respondent's parental rights are in the children's best interests. On remand, the trial court shall make a factual record and determination regarding the best interests of each child individually. In rendering its decision, the trial court shall address whether and to what extent the facts involved in respondent's prior terminations and his criminal history informed the court's findings concerning the children's best interests. Finally, the trial court shall enter a dispositional order consistent with its findings. Should the trial court deem it necessary, it may in its discretion take additional evidence.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

K. F. Kelly, J., did not participate.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

APR 2 8 2015

Date

Chief Clerk