*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEFFREY CURTIS TODD,

      Plaintiff-Appellee,

v

NIKKI LEANN TODD,

      Defendant-Appellant.

UNPUBLISHED
August 10, 2023

No. 364763
Barry Circuit Court
LC No. 2022-000037-DM

Before: RIORDAN, P.J., and MARKEY and YATES, JJ.

PER CURIAM.

In this child-custody dispute, defendant appeals as of right a final order of custody. We vacate the order and remand to the trial court for further proceedings.

## I. FACTS

This case involves a custody dispute over the parties' two minor sons, arising out of the parties' divorce. The parties divorced in September 2022, but they reserved the issues of custody, parenting time, and school district for an evidentiary hearing before a Friend of the Court referee. After the evidentiary hearing, the referee drafted a recommended order awarding joint legal custody and 50/50 parenting time to the parties. Defendant objected to the referee's recommended order, arguing that the referee's findings regarding best-interests factors (c), (g), and (k), see MCL 722.23; parenting-time factor (c), see MCL 722.27a; and legal custody, see MCL 722.26a(1)(b); were erroneous. Defendant contended that the evidence strongly supported an award of primary physical custody and sole legal custody to herself.

The trial court held a hearing on defendant's objection to the referee's recommended order, during which each party presented arguments. Neither party presented new evidence. After the parties concluded their arguments, the trial court expressly addressed best-interests factor (g):[1]

---

[1] Factor (g) concerns "[t]he mental and physical health of the parties involved." MCL 722.23(g).

-1-

The referee acknowledged that [plaintiff] was diagnosed with a—a mental health diagnosis that would—he would have always. And that he's required to keep close track of his mental health and have a safety plan in place. She testified that— or I mean she found that he is under medical care following the doctor's recommendations, that the current plan has been in effect for a period of time, and there—[plaintiff] has been managing.

So the argument is that the finding of the referee was against the great weight of the evidence. The testimony that has—that I reviewed certainly establishes beyond a doubt that [plaintiff] has a mental illness. So that—that's not at issue. Does he have a mental—he absolutely has a mental illness. But as it relates to the child custody factors it is not simply the existence of a mental illness that is the factor. It is does it rise to the level or does it, as a result of having that mental illness, impact his ability to parent his children. Certainly the testimony has established, through the course of the parties' marriage, [plaintiff's] mental health affected his participation in the family. But it's not all about what was, it's about what is. So certainly [plaintiff's] mental illness has affected him over the course of time, what is currently happening and does it impact his ability to parent his children.

As I look at all the testimony and the evidence, I might conclude something different, but I did not have the benefit of observing [plaintiff] through the course of this matter, listening to his testimony, determining his credibility. The referee had that benefit. So I will not disturb her finding that Factor G weighs equally.

The trial court then addressed the clear-and-convincing-evidence standard in light of its discussion of factor (g), stating:

But even if I did, and determine that Factor G would be weighed in favor of [defendant], does that then rise to the level of clear and convincing evidence? Because again, no one has challenged the issue of—of the established custodial environment, so that makes the—the burden of proof clear and convincing evidence, even on an initial determination, if there is established custodial environment in both homes. And the finding is there is, and—and so the determination of the Referee, based on all the hearings, all the information, was that there were three factors that weighed in favor of [defendant] and all the other factors being equal. Like I said, even if—if I said I would have given G to [defendant], that would be four, and the six remaining weigh equally.

So is that clear and convincing evidence? I cannot find that the Referee erred in determining that [defendant] failed to present clear and convincing evidence that custody—that the best interest of the minor children required a—a sole legal or sole physical custodial order.

Finally, the trial court addressed the issue of legal custody. The trial court noted that defendant identified various items of disagreement with plaintiff. The trial court explained that

the parties were able to resolve the issue of mental-health counseling and that the trial court did not see anything in the transcript that suggested that the parties could not reach a resolution regarding medical care and religion. The trial concluded that it would not disturb the referee's findings because the referee did not materially err, the referee had the opportunity to listen to both parties and determine credibility, and the referee's findings "are not against the greater weight of the evidence."

After the hearing, the trial court issued an order rejecting defendant's objections to the referee's recommended order and adopting the recommended order in full.

Defendant now appeals.

## II. STANDARD OF REVIEW

> To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue. [MCL 722.28; see also *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010).]

Whether the trial court conducted a proper de novo hearing in response to a party's objection to a referee's recommendation is a question of law reviewed de novo. *Cochrane v Brown*, 234 Mich App 129, 131; 592 NW2d 123 (1999).

## III. DE NOVO HEARING

Defendant argues that the trial court erred by entering the final order of custody without applying the proper standards of a de novo hearing pursuant to MCL 552.507. Specifically, defendant argues that the trial court reviewed the referee's findings under a deferential appellate standard, rather than a de novo standard required by statute. We agree.

Pursuant to the Friend of the Court Act, MCL 552.501 *et seq.*, when a custody dispute is submitted to a referee for hearing, a party that files a timely objection to the referee's recommendation is entitled to have the matter reviewed by the trial court through a de novo hearing. MCL 552.507(4). That statute provides:

> The court shall hold a de novo hearing on any matter that has been the subject of a referee hearing, upon the written request of either party or upon motion of the court. The request of a party shall be made within 21 days after the recommendation of the referee is made available to that party.

Similarly, MCR 3.215(E)(4) recognizes the right to a judicial hearing:

> A party may obtain a judicial hearing on any matter that has been the subject of a referee hearing and that resulted in a statement of findings and a recommended order by filing a written objection and notice of hearing within 21 days after the

referee's recommendation for an order is served on the attorneys for the parties, or the parties if they are not represented by counsel. . . .

If either party objects to the referee's recommendation, the trial court must hold a de novo hearing. *Harvey v Harvey*, 257 Mich App 278, 292; 668 NW2d 187 (2003). This hearing must be a de novo hearing, not merely a de novo review of the referee's recommendation. *Cochrane*, 234 Mich App at 132.[2] "The purpose of a de novo hearing is for the trial court to render its own decision based on the evidence, independent of any prior ruling." *Sturgis v Sturgis*, 302 Mich App 706, 708; 840 NW2d 408 (2013) (cleaned up); see also *Marshall v Beal*, 158 Mich App 582, 591; 405 NW2d 101 (1986) (explaining that when "a trial de novo is required, the circuit court is required to proceed as if no prior determination had been made and arrive at an independent decision") (quotation marks and citation omitted). The failure to provide a de novo hearing constitutes clear legal error. *Butters v Butters*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 359665); slip op at 5, vacated in part on other grounds 982 NW2d 173 (Mich 2022).

In this case, the referee held a two-day evidentiary hearing and recommended that the parents share physical and legal custody. Defendant objected to the referee's recommendation, specifically citing the referee's factual findings regarding best-interests factors (c), (g), and (k). This objection was filed within 21 days after the recommendation was made available. See MCL 552.507(4). The trial court held a hearing on defendant's objection. Neither party asserts that he or she was improperly denied the right to present new evidence at the hearing. Instead, the parties relied on the record of the previous hearing. See MCL 552.507(6). The question is whether the trial court properly resolved the de novo hearing by reaching an "independent" decision, see *Sturgis*, 302 Mich App at 708, or whether the trial court improperly deferred to the referee's findings.

This is close. On one hand, defendant observes that the trial court deferred to the referee's finding under factor (g) despite indicating that it may have found otherwise based on its own review of the record. Moreover, while not specifically noted by defendant, the trial court also stated that the referee's findings were not "against the greater weight of the evidence," which suggests a deferential appellate standard of review of findings of fact. See MCL 722.28. Plaintiff, on the other hand, asserts that the trial court, when discussing factor (g), simply acknowledged that the referee made credibility determinations before issuing her recommended order. Plaintiff further asserts that the trial court would have not changed its ultimate ruling regardless of factor (g) and that the reference to "greater weight of the evidence" should be overlooked.

After reviewing the trial court's oral opinion from the bench, we must conclude that a remand to that court is warranted. When discussing factor (g), the trial court stated, "As I look at all the testimony and the evidence, I might conclude something different, but I did not have the benefit of observing [plaintiff] through the course of this matter, listening to his testimony, determining his credibility." Then, the trial court stated that it "will not disturb [the referee's]

---

[2] *Cochrane* was decided before MCL 552.507 was amended to permit the trial court to premise its decision entirely on the record of the previous hearing. See MCL 552.507, as amended by 2004 PA 210. This amendment did not negate the requirement to conduct a de novo hearing.

finding that Factor G weighs equally." The most reasonable understanding of these statements, in our view, is that the trial court was inclined to find that factor (g) favored defendant but believed that it was constrained from doing so because the referee was better-positioned to determine credibility. While we acknowledge the accuracy of the trial court's statement regarding credibility, the nature of a de novo hearing allows the trial court more leeway to render its own findings than it seemed to recognize in this instance. See *Sturgis*, 302 Mich App at 708 ("The purpose of a de novo hearing is for the trial court to render its own decision based on the evidence, independent of any prior ruling.") (cleaned up).[3]

Further, the trial court stated at the end of its opinion that the referee's findings were not "against the greater weight of the evidence based on [its] review of the Transcripts." As noted, the "great weight of the evidence" standard applies to appellate review of findings of fact, see MCL 722.28, which suggests that the trial court reviewed the referee's findings under that standard. If this was the only reference in the trial court's opinion to a deferential standard of review, we might be able to overlook it as urged by plaintiff. However, this statement, coupled with the trial court's earlier discussion of factor (g), indicates that the trial court may have incorrectly understood that it was required to provide some deference to the referee's findings.

For these reasons, we conclude that trial court may have essentially performed an appellate review of the referee's findings as opposed to issuing an independent review and decision. Therefore, we remand this matter to the trial court for further proceedings to render such a review and decision.[4] Given our resolution of this issue, we need not address defendant's remaining issues on appeal.

## IV. CONCLUSION

We vacate the final order of custody and remand to the trial court for further proceedings consistent with our opinion. We do not retain jurisdiction.

---

[3] Plaintiff argues that the trial court explained that the outcome of the de novo hearing would not have been different even if it had found that factor (g) favored defendant. However, we do not necessarily read the trial court's explanation in that manner. The trial court posed the question, "So is that clear and convincing evidence?" Then, the trial court stated that the referee did not err by determining that defendant failed to present clear and convincing evidence that a custody modification was warranted. Thus, the trial court appears to have simply acknowledged that the outcome of the de novo hearing would be a closer call if it found that factor (g) favored defendant, but that it did not have to resolve that question at that time.

[4] We note that "[w]hen nonharmless errors occur in child custody cases that necessitate a remand to the circuit court for reevaluation, those courts should address the circumstances of the child as they exist at the time of remand." *Butters*, 982 NW2d at 173.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Christopher P. Yates