# STATE OF MICHIGAN

# COURT OF APPEALS

---

JENNIFER A. ZAWILANSKI,

        Plaintiff-Appellant,

v

JUSTIN J. MARSHALL,

        Defendant,

and

KIMBERLY BREDOW,

        Petitioner-Appellee.

UNPUBLISHED
July 12, 2016

No. 330495
Livingston Circuit Court
LC No. 11-045502-DS

---

Before: SAWYER, P.J., and HOEKSTRA and WILDER, JJ.

PER CURIAM.

Plaintiff appeals by right an order denying her objections to an interim order awarding petitioner grandmother grandparenting time in an amount equivalent to the parenting time awarded a noncustodial parent. For the reasons discussed below, we vacate the court's order and remand the matter to the trial court for proceedings consistent with this opinion.

## I. FACTS

Plaintiff and defendant were never married and in 2011 plaintiff initiated a custody case with respect to their child. Petitioner is defendant's mother. After defendant's death on March 25, 2014, petitioner filed a motion for grandparenting time in the existing custody case. MCL 722.27b(c); MCL 722.27b(3)(a).

Plaintiff was seriously injured in an automobile accident in the summer of 2010, when the minor was four months old. Present in the car with her was her eldest child, half-brother to the child at issue. Both plaintiff and the older child suffered traumatic brain injuries. Plaintiff was in a coma for three months, after which she required intensive inpatient rehabilitation. During this time, although defendant had custody of the child, petitioner was the primary caregiver. The record shows that a close bond developed between petitioner and the child.

-1-

Beginning in the fall of 2010, petitioner took the child for a weekly, one-hour visit to the rehabilitation center where plaintiff was recovering. However, in the fall of 2011, after not having seen the child for several weeks, plaintiff petitioned the court for custody, parenting time, and child support. Following a Friend of the Court (FOC) investigation, the court awarded plaintiff and defendant joint physical and legal custody of the child, and plaintiff limited weekly parenting time, anticipating that it would increase as she continued to recover from her injuries. Four months later, plaintiff petitioned for an increase in parenting time, in accordance with the court's expectations.

When petitioner's son died in March 2014, plaintiff's parents informed petitioner that they were taking the child to live with plaintiff, and that they would be in touch with petitioner. Less than a week later, petitioner filed a guardianship application. In exchange for withdrawing the application, plaintiff agreed to allow grandparenting time every Tuesday and Thursday from 9:30 a.m. until 7:30 p.m., and one Friday per month from 5:00 p.m. until 8:00 p.m., and to submit the matter of a grandparenting time schedule to the FOC for investigation.

Subsequent to its investigation, the FOC issued a report that recommended changing petitioner's three-hour grandparenting time on Fridays once a month to an overnight, from 5:00 p.m. Friday until 5:00 p.m. Saturday, "provided [petitioner] is engaged in regular individual counseling." The report also recommended that petitioner's Tuesday/Thursday grandparenting time continue through the summer months but be modified once the child started preschool in the fall. The following month, petitioner filed the motion for grandparenting time that is the basis of the instant appeal.

The sole point of contention between petitioner and plaintiff is the amount of grandparenting time appropriate under the circumstances. Petitioner requested the Friday overnights recommended by the FOC report, as well as an additional overnight every other weekend, so that she would have the child from 5:00 p.m. Friday until 5:00 p.m. Sunday. She further requested that the Tuesday/Thursday grandparenting time remain unchanged during the school year, proposing that she would be responsible for transporting the child to and from preschool. In addition, petitioner asked the court to allow her to enroll the child in the counseling that the report recommended. As an alternative to this schedule, plaintiff recommended twice weekly visits from the end of the school day until 7:30 p.m., or from 5:30 p.m. until 7:30 p.m. if there is no school, and a monthly overnight from 5:00 p.m. Friday until 5:00 p.m. Sunday, the latter contingent on petitioner's verifying that she was undergoing regular counseling for her grief and loss. Plaintiff proposed that the parties could agree to additional time, and that the weekly grandparenting time should be sufficiently adjustable to allow plaintiff to schedule trips, vacations, and other family activities.

At the hearing on her petition before an FOC referee, petitioner did not dispute plaintiff's ability to care for the child, emphasizing instead the level of care that she had provided for the child for most of the child's life and the resulting bond that existed between them. Plaintiff's testimony stressed her ability to care for her children, and her concern that she reestablish herself in the role of mother and parental authority, and her fear that granting the amount of grandparenting time requested would effectively aid petitioner in undermining plaintiff's role.

Stressing that petitioner was the one constant in the child's life, the referee recommended that petitioner "be given the parenting time that a normal non-custodial parent would receive": alternate weekends from 6:00 p.m. Friday until 6:00 p.m. Sunday, four nonconsecutive weeks of summer vacation, and holiday and midweek "parenting time" in accordance with the Livingston County FOC guidelines. The referee explained that this schedule would not elevate petitioner to a legal guardian of the minor, but was a schedule that would "best serve the child's best interests, and again, ensure continuation of a bond that's been established between the Petitioner and the child and will also allow the child to know his paternal family." An interim order corresponding to the referee's recommendations was entered. The trial court denied plaintiff's objections, expressly adopting the referee's grandparenting-time recommendation. Plaintiff filed a motion for reconsideration, but it, too, was denied.

## II. ANALYSIS

Plaintiff contends that the trial court erred by affirming an award of grandparenting time in an amount equivalent to the parenting time awarded a noncustodial parent over plaintiff's objections and without having overcome the fit-parent presumption of MCL 722.2b(4).

"Orders concerning [grand]parenting time must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Keenan v Dawson*, 275 Mich App 671, 679; 739 NW2d 681 (2007) (citation omitted). The Court should affirm a trial court's findings of fact unless the evidence "clearly preponderates in the opposite direction." *Fletcher v Fletcher*, 447 Mich 871, 879; 526 NW2d 889 (1994) (citation omitted). A trial court abuses its discretion on a custody matter when its decision is so "palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). We conclude that this standard should also apply to parenting and grandparenting time decisions. A court commits legal error when it incorrectly chooses, interprets, or applies the law. *McIntosh v McIntosh*, 282 Mich App 471, 475; 768 NW2d 325 (2009).

Parents have a constitutionally protected right to make decisions about the care, custody, and management of their children. *In re Sanders*, 495 Mich 394, 409; 852 NW2d 524 (2014). This right is not absolute, "as the state has a legitimate interest in protecting the moral, emotional, mental, and physical welfare of the minor . . . ." *Id.* at 409-410, quoting *Stanley v Illinois*, 405 US 645, 652; 92 S Ct 1208; 31 L Ed 2d 551 (1972) (internal quotation marks and citation omitted). "The United States Constitution, however, recognizes 'a presumption that fit parents act in the best interest of their children' and that 'there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of [fit parents] to make the best decisions concerning the rearing of [their] children.' " *In re Sanders*, 495 Mich at 410, quoting *Troxel v Granville*, 530 US 57, 68-69; 120 S Ct 2054; 147 L Ed 2d 49 (2000) (opinion by O'CONNOR, J.) (alterations in *Sanders*).

MCL 722.27b, Michigan's grandparent statute, provides grandparents in certain situations the means to seek grandparenting time. To protect the fundamental liberty described above, § 4(b) of the statute incorporates a rebuttable presumption "that a fit parent's decision to

deny grandparenting time does not create a substantial risk of harm to the child's mental, physical, or emotional health." MCL 722.27b(4)(b). To rebut this presumption, a grandparent "must prove by a preponderance of the evidence that the parent's decision to deny grandparenting time creates a substantial risk of harm to the child's mental, physical, or emotional health." MCL 722.27b(4)(b). If the grandparent does not rebut the presumption, the court must dismiss the grandparenting-time action. MCL 722.27b(4)(b). However, if the grandparent meets the standard for rebutting the presumption,

> the court shall consider whether it is in the best interests of the child to enter an order for grandparenting time. If the court finds by a preponderance of the evidence that it is in the best interests of the child to enter a grandparenting time order, the court shall enter an order providing for reasonable grandparenting time of the child by the grandparent by general or specific terms and conditions. [MCL 722.27b(6).]

In the instant case, the referee presumed that plaintiff was a fit parent, but found that petitioner had overcome the fit-parent presumption. The referee based her finding on the fact that an FOC report recommended grandparenting time.

We first note that the referee did not have to presume that plaintiff was a fit parent; the record shows that testimonial evidence of her fitness was introduced, and even petitioner conceded the point. Next, the record before us indicates that the FOC report upon which the referee bases her conclusion that petitioner rebutted the fit-parent presumption recommended grandparenting time because the parties agreed in principle on the desirability of grandparenting time and asked the FOC to recommend a grandparenting time schedule. It seems illogical to interpret the fact that the report did what it was supposed to do—recommend a grandparenting-time schedule at the request of both parties—as evidence that petitioner rebutted the fit-parent presumption.

Further, the referee's finding that petitioner overcame the fit-parent presumption ignores the fact that plaintiff agrees in principle that petitioner should have grandparenting time, and proposed a grandparenting-time schedule, albeit one that recommended less grandparenting time than petitioner was currently enjoying. Thus, given that plaintiff was denying some, but not all, grandparenting time, in order to overcome the fit-parent presumption, petitioner had to show that plaintiff's denial of the amount of grandparenting time that exceeded her recommendation created a substantial risk of harm to the child. See MCL 722.27b(4). No evidence was presented on this question.

We must affirm orders concerning [grand]parenting time unless the trial court, among other things, made a clear legal error on a major issue. *Keenan*, 275 Mich App at 679. However, we find that the referee committed clear legal error, and the trial court confirmed that error, by failing to apply the fit-parent presumption to plaintiff's grandparenting-time decision, and by failing to require that petitioner rebut the presumption that plaintiff's recommended grandparenting time schedule would not create a substantial risk of harm to the minor. MCL 722.27b(4)(b). The referee deprived plaintiff of the benefit of the fit-parent presumption not only by ignoring the fact that plaintiff had agreed to grandparenting time and had offered petitioner a grandparenting-time schedule, but also by concluding against the great weight of the

evidence that petitioner rebutted the fit-parent presumption. *Fletcher*, 447 Mich at 879. This error was not harmless; it unreasonably deprived plaintiff of her constitutionally protected right to make decisions about the care, custody, and management of her child. *In re Sanders*, 495 Mich at 409.

Based on the foregoing, we vacate the trial court's order and remand the matter to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Kurtis T. Wilder