*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MELANIE THROOP,

   Plaintiff-Appellee,

v

ROBERT SCHAFER DEVRIES,

   Defendant,

and

RICHARD DEVRIES and JILL DEVRIES,

   Appellants.

UNPUBLISHED
January 7, 2020

No. 345987
Washtenaw Circuit Court
LC No. 13-001796-DS

Before: LETICA, P.J., and GADOLA and CAMERON, JJ.

PER CURIAM.

Appellants, Richard and Jill DeVries, appeal as of right the order of the trial court denying their motion to intervene by which they sought to establish grandparenting time with their minor grandchild. We affirm.

## I. FACTS

Appellants are the parents of defendant Robert Schafer DeVries, deceased, the father of the child in this case. Plaintiff, Melanie Throop, is the mother of the child. Plaintiff and DeVries were never married, but DeVries established his paternity of the child and the couple lived together when the child was an infant. After plaintiff and DeVries separated, there were various disputes between the two regarding his parenting time with the child. For a time, DeVries' parenting time was supervised by appellants, and the record indicates that they were very involved with the child.

DeVries died in July 2017 when the child was four years old. Plaintiff continued to facilitate appellants' visits with the child consistent with DeVries' former parenting-time schedule, and appellants apparently continued to provide plaintiff with financial support.

-1-

Eventually, however, plaintiff reduced the visits and ultimately ended them, apparently believing that appellants had initiated an investigation by Child Protective Services. In July 2018, appellants filed a motion to intervene seeking an order granting them grandparenting time with the child. The trial court denied the motion. Appellants now appeal the order of the trial court.

## II. DISCUSSION

Appellants contend that the trial court erred by denying their motion to intervene without an evidentiary hearing, which they argue is violative of both the grandparenting time statute and their right to due process. They further contend that the trial court's decision denying their motion to intervene was against the great weight of the evidence. We disagree.

This Court must affirm an order regarding grandparenting time "unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." MCL 722.28; *Geering v King*, 320 Mich App 182, 188; 906 NW2d 214 (2017) (quotation marks and citation omitted). A trial court's findings of fact are against the great weight of the evidence when the facts "clearly preponderate in the opposite direction." *Fletcher v Fletcher*, 447 Mich 871, 878; 526 NW2d 889 (1994). The trial court commits a palpable abuse of discretion in a custody matter when its decision is so "palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Zawilanski v Marshall*, 317 Mich App 43, 48; 894 NW2d 141 (2016). Clear legal error occurs "when the trial court errs in its choice, interpretation, or application of the existing law." *Falconer v Stamps*, 313 Mich App 598, 639; 886 NW2d 23 (2015) (quotation marks and citations omitted). This Court reviews constitutional issues de novo. *Varran v Granneman*, 312 Mich App 591, 607; 880 NW2d 242 (2015).

Parents have a constitutionally protected right to make decisions about the care, custody, and management of their children. *In re Sanders*, 495 Mich 394, 409; 852 NW2d 524 (2014). A parent's rights include the right to make decisions regarding whether a minor child visits with his or her grandparents. See *Varran*, 312 Mich App at 605. The parent's right to make decisions about the child is not unconditional because the state has a legitimate interest in protecting the moral, emotional, mental, and physical welfare of minors. *Zawilanski*, 317 Mich App at 49. But typically, because "[t]he United States Constitution . . . recognizes 'a presumption that fit parents act in the best interest of their children' ". . . "there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of [fit parents] to make the best decision concerning the rearing of [their] children." *In re Sanders*, 495 Mich at 410, quoting *Troxel v Granville*, 530 US 57, 68-69; 120 S Ct 2054; 147 L Ed 2d 49 (2000) (opinion by O'Connor, J.) (alterations in *Sanders*).

MCL 722.27b provides a means by which a grandparent may seek grandparenting time with a grandchild. That statute provides, in relevant part:

> (1) A child's grandparent may seek a grandparenting time order under 1 or more for the following circumstances:

> * * *

(c) The child's parent who is a child of the grandparents is deceased.

\* \* \*

(3) A grandparent seeking a grandparenting time order shall commence an action for grandparenting time, as follows:

(a) If the circuit court has continuing jurisdiction over the child, the child's grandparent shall seek a grandparenting time order by filing a motion with the circuit court in the county where the court has continuing jurisdiction.

\* \* \*

(4) All of the following apply to an action for grandparenting time under subsection (3):

(a) The complaint or motion for grandparenting time filed under subsection (3) shall be accompanied by an affidavit setting forth facts supporting the requested order. The grandparent shall give notice of the filing to each person who has legal custody of, or an order for parenting time with, the child. A party having legal custody may file an opposing affidavit. A hearing shall be held by the court on its own motion or if a party requests a hearing. At the hearing, parties submitting affidavits shall be allowed an opportunity to be heard.

(b) In order to give deference to the decisions of fit parents, it is presumed in a proceeding under this subsection that a fit parent's decision to deny grandparenting time does not create a substantial risk of harm to the child's mental, physical, or emotional health. To rebut the presumption created in this subdivision, a grandparent filing a complaint or motion under this section must prove by a preponderance of the evidence that the parent's decision to deny grandparenting time creates a substantial risk of harm to the child's mental, physical, or emotional health. If the grandparent does not overcome the presumption, the court shall dismiss the complaint or deny the motion. [MCL 722.27b.]

The statute requires the trial court to give deference to a fit parent's decision to deny grandparenting time by creating the presumption that a fit parent's decision to deny grandparenting time does not create a substantial risk of harm to the child. MCL 722.27b(4)(b); *Varran*, 312 Mich App at 611. To rebut the presumption, a grandparent must prove by a preponderance of the evidence that the parent's decision to deny grandparenting time creates a substantial risk of harm to the child. MCL 722.27b(4)(b); *Varran*, 312 Mich App at 611-612. The grandparenting time statute does not permit the trial court to grant grandparenting time merely because it disagrees with the parent's decision. *Id*. at 612. Similarly, the trial court may not authorize grandparenting time merely because the evidence demonstrates that grandparenting time is beneficial. *Keenan v Dawson*, 275 Mich App 671, 682; 739 NW2d 681 (2007).

Appellants first argue that the trial court was required by the grandparenting time statute to provide them with an evidentiary hearing. We disagree. MCL 722.27b(4)(a) sets forth the

procedure to determine the merits of a petition for grandparenting time and does not necessarily require a hearing. Rather, the statute provides that "[a] hearing shall be held by the court on its own motion or if a party requests a hearing. At the hearing, parties submitting affidavits shall be allowed an opportunity to be heard." MCL 722.27b(4)(a). Thus, the statute provides for a hearing only if requested by a party or upon the trial court's own motion. The statute specifically provides that at the hearing the parties filing affidavits are to be allowed an opportunity "to be heard," MCL 722.27b(4)(a), but does not provide that the hearing must be an evidentiary hearing. We will not read requirements into an unambiguous statute that do not appear in the plain language of that statute. *SBC Health Midwest, Inc v City of Kentwood*, 500 Mich 65, 72; 894 NW2d 535 (2017). In this case, the trial court held a hearing and permitted both parties an opportunity to be heard, and also permitted appellant Richard DeVries to testify. We therefore conclude that the hearing held by the trial court in this case was sufficient to comply with the requirements of MCL 722.27b.

Appellants also contend that the trial court violated their due-process rights by denying their petition to intervene without holding an evidentiary hearing. Both the Michigan Constitution and the United States Constitution prohibit the government from "depriving a person of life, liberty, or property without due process of law." US Const, Am XIV; Const 1963, art 1, § 17; *Bauserman v Unemployment Ins Agency*, 503 Mich 169, 186; 931 NW2d 539 (2019). Due process in civil cases generally requires notice of the nature of the proceedings, an opportunity to be heard in a meaningful time and manner, and an impartial decision-maker. *Okrie v State of Michigan*, 306 Mich App 445, 469; 857 NW2d 254 (2014). The opportunity to be heard requires a hearing to allow a party the chance "to know and respond to the evidence," but does not require "a full trial-like proceeding." *Galien Twp School Dist v Dep't of Ed (On Remand)*, 310 Mich App 238, 243; 871 NW2d 382 (2015).

However, "procedural due process requirements apply only if there is a liberty or property interest at stake." *Bauserman*, 503 Mich at 186. A grandparent's interest in grandparenting time is neither a liberty interest nor a property interest; rather, the right to seek grandparenting time is statutorily created and "there is no constitutionally protected fundamental right to grandparent visitation." *Brinkley v Brinkley*, 277 Mich App 23, 31; 742 NW2d 629 (2007). Because no deprivation of life, liberty, or property has occurred, no process is due, and no harm has occurred. *Bauserman*, 503 Mich at 186.

Nonetheless, the grandparenting time statute provides grandparents with an opportunity to be heard. MCL 722.27b(4)(a) provides a procedure to determine the merits of a petition for grandparenting time, which includes that "[a] hearing shall be held by the court on its own motion or if a party requests a hearing." Thus, the statute specifically provides for a hearing to allow an opportunity for the parties filing affidavits to be heard. MCL 722.27b(4)(a). In this case, the trial court held a hearing where the parties were permitted to present their arguments and appellant Richard DeVries also was permitted to testify. As noted, we conclude that the hearing provided in this case was sufficient to comply with the statute.

Appellants further contend that the trial court's order denying them grandparenting time was against the great weight of the evidence. Again, we disagree. As noted, we will affirm an order regarding grandparenting time "unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a

-4-

clear legal error on a major issue." *Geering*, 320 Mich App at 188. The findings of the trial court are not against the great weight of the evidence unless the evidence clearly preponderates in the opposite direction. *Varran*, 312 Mich App at 624. In determining whether a trial court's findings are against the great weight of the evidence, we defer to the weight given the evidence by the trial court in light of the trial court's superior fact-finding ability. *Id*.

The statute directs a presumption that a fit parent's decision to deny grandparenting time does not create a substantial risk of harm to the child's mental, physical, or emotional health. To rebut that presumption, a grandparent seeking grandparenting time under the statute must prove by a preponderance of the evidence that the parent's decision to deny grandparenting time creates a substantial risk of harm to the child's mental, physical, or emotional health. If the grandparent does not overcome the presumption, the statute directs the trial court to dismiss the complaint or deny the motion. A trial court is not permitted to override the parent's decision and grant grandparenting time merely because grandparenting time would be beneficial for the child. *Keenan*, 275 Mich App at 682.

In this case, the trial court determined that appellants had not proved by a preponderance of the evidence that plaintiff's decision to deny grandparenting time created a substantial risk of harm to the child's mental, physical or emotional health. The trial court found that the affidavit of the child's therapist was compelling in describing the current emotional, mental, and physical health of the child. The therapist asserted that the child was properly processing grief and did not need to retain a relationship with appellants to maintain a positive memory of his father. The therapist also reported that she had observed the child's periods of emotional dysregulation, which she concluded were associated with visits with appellants and were exacerbated by the conflict between plaintiff and appellants, and further asserted that ending the child's visits with appellants would not pose harm or risk of harm to the child. The trial court concluded that appellants did not overcome the presumption that plaintiff's decision to deny grandparenting time with the child did not "create a substantial risk of harm to the child's mental, physical, or emotional health."

Appellants argue that the evidence presented in their affidavits outweighed plaintiff's evidence and preponderated in favor of granting the motion for intervention. Appellants presented evidence that they have been very active in the child's life. In the past, they provided financial support for the child and the child's parents, and also were very involved in the physical care and emotional and educational development of the child. Appellants also presented the affidavit of a psychologist asserting that interruption of grandparenting time in a case such as this one carried a substantial risk of psychological harm to the child. However, even though the record suggests that they had a beneficial influence on the child in the past, there was no evidence that lack of grandparenting time was likely to cause the child harm in the future. Even if grandparenting time would have a positive influence on the child, the trial court is not permitted to override the parent's decision regarding grandparenting time simply because grandparenting time is beneficial, but only if concrete evidence supports that the denial of grandparenting time poses a substantial risk of harm. See *Keenan*, 275 Mich App at 682. Because the evidence in this case does not clearly preponderate in the opposite direction, the trial court's decision to deny grandparenting time is not against the great weight of the evidence. *Fletcher*, 447 Mich at 878.

Appellants also argue that the trial court failed to consider their concerns that plaintiff is not a fit parent. They cite plaintiff's history of mental illness and substance abuse as a risk to the child's well-being. A review of the record, however, indicates that although appellants expressed their concerns regarding plaintiff's ability to parent in their affidavits, plaintiff's fitness as a parent was not specifically challenged before the trial court and the trial court therefore did not specifically rule on the question of plaintiff's fitness as a parent.

The definition of a "fit" parent is "a parent who 'adequately cares for his or her children.' " *Geering*, 320 Mich App at 190-191, quoting *Troxel*, 530 US at 68. In a child custody case, the parent's fitness is an intrinsic component of the trial court's evaluation of the best interest factors of the Child Custody Act. *Falconer*, 313 Mich App at 641. "The best-interest factors that require a trial court to consider a parent's 'moral fitness' and 'mental and physical health' reflect the legislative determination that concerns about parental fitness are of paramount importance in custody determinations." *Id*. (quotation marks and citations omitted). However, this Court has observed that "[a]n action for grandparenting time, unlike custody, is simply a different cause of action altogether. . . . Whereas a custody case involves an inquiry as to parental fitness, a proceeding under the grandparent visitation statute *presumes* parental fitness. Absent a challenge to the circuit court's custody decision, it is presumed that [the parent] is a fit parent and 'there is a presumption that fit parents act in the best interests of their children.' " *Falconer*, 313 Mich App at 642. We further note that in this case, the trial court awarded plaintiff custody of the child in 2017. Implicit in an award of custody is the tacit decision of the trial court that the parent is fit. *Falconer*, 313 Mich App at 642.

In this case, the trial court did not reassess plaintiff's fitness as a parent. The trial court observed that concerns about plaintiff's parenting had been previously litigated in the custody case and directed the parties that the issue before the trial court was whether appellants had overcome the presumption that denial of grandparenting time did not create a substantial risk of harm to the child's mental, physical, or emotional health. The trial court observed that appellants' love for the child was "incredibly compelling," and expressed the hope that "after a period of healing the parties may come together with a plan for the minor child's best interests and future that could include all family members." However, the trial court found that the affidavits of appellants and their expert were not based on knowledge of the child's current mental status because they had not had recent contact with the child, and the psychologist's affidavit was based upon general information and not upon an evaluation of this child. Thus, the trial court did consider the evidence submitted by appellants but determined that theoretical, general, or speculative evidence did not overcome the presumption that plaintiff's decision to deny grandparenting time did not create a substantial risk of harm to the child. Because the evidence does not clearly preponderate in the opposite direction of the trial court's conclusion that it was not demonstrated that denying grandparenting time would result in a substantial risk of harm to the child, the trial court's determination was not against the great weight of the evidence.

Affirmed.

/s/ Anica Letica

-6-

/s/ Michael F. Gadola
/s/ Thomas C. Cameron