*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KATE MCCLORY,

        Plaintiff-Appellee,

v

RYAN MCCLORY,

        Defendant-Appellant.

UNPUBLISHED
January 13, 2026
12:08 PM

No. 372596
Wayne Circuit Court
LC No. 23-107299-DM

Before: BOONSTRA, P.J., and O'BRIEN and YOUNG, JJ.

PER CURIAM.

Defendant appeals by right the judgment of divorce entered by the trial court insofar as it granted him supervised parenting time with his two minor children. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The pertinent facts in this case are undisputed and can be briefly summarized. Defendant and plaintiff were married and had two children together. Plaintiff filed for divorce, alleging an irreparable breakdown in the marriage. A divorce trial was held, and defendant was found in default for not filing an exhibit list, a witness list, a trial brief, or updated financial information forms, as ordered in the trial court's scheduling order. The trial court limited defendant's participation at trial to providing testimony regarding custody issues, and did not permit him to cross-examine plaintiff or plaintiff's witnesses. The trial court entered a judgment of divorce granting plaintiff sole physical custody and joint legal custody of the children and granted defendant supervised parenting time at a parenting time agency. This appeal followed.

## II. STANDARD OF REVIEW

"In a child custody dispute, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." *Barretta v Zhitkov*, 348 Mich App 539, 549; 19 NW3d 420 (2023). See also MCL 722.28. "Similarly, [o]rders concerning parenting time must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion,

or the court made a clear legal error on a major issue." *Id*. "A finding of fact is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction." *Id*. A palpable abuse of discretion occurs if a court's decision "is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Zawilanski v Marshall*, 317 Mich App 43, 48; 894 NW2d 141 (2016) (quotation marks and citation omitted). Clear legal error occurs "when the trial court errs in its choice, interpretation, or application of the existing law." *Sturgis v Sturgis*, 302 Mich App 706, 710; 840 NW2d 408 (2013) (quotation marks and citation omitted).

Additionally, "[w]e review unpreserved issues for plain error." *Demski v Petlick*, 309 Mich App 404, 426-427; 873 NW2d 596 (2015). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. (quotation marks and citation omitted).

"This Court interprets court rules using the same principles that govern the interpretation of statutes." *In re McCarrick/Lamoreaux*, 307 Mich App 436, 446; 861 NW2d 303 (2014) (quotation marks and citation omitted). "Our purpose when interpreting court rules is to give effect to the intent of the Michigan Supreme Court." *Id*. "The language of the court rule itself is the best indicator of intent." *Id*.

## III. PARENTING TIME

Defendant argues that the trial court committed clear legal error by granting him parenting time without specifying the days and times for the parenting time. We disagree. The trial court properly granted defendant parenting time in general terms under MCL 722.27(1)(b), when it ordered supervised parenting time at the agency and defendant failed to request parenting time in specific terms as required under MCL 722.27a(8).

The Child Custody Act (CCA), MCL 722.21 *et seq*., governs issues concerning parenting time. *Barretta*, 348 Mich App at 550. "When construing a statute, courts are to effect the intent of the Legislature." *SBC Health Midwest, Inc v City of Kentwood*, 500 Mich 65, 72; 894 NW2d 535 (2017). This requires "an examination of the language of the statute." *Id*. "If the statute's language is clear and unambiguous, then we assume that the Legislature intended its plain meaning and the statute is enforced as written." *Id*. "A necessary corollary of these principles is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Id*.

Under MCL 722.27a(3) of the CCA, "[a] child has a right to parenting time with a parent unless it is shown on the record by clear and convincing evidence that it would endanger the child's physical, mental, or emotional health." Consequently, a trial court must order parenting time "in a frequency, duration, and type reasonably calculated to promote a strong relationship between the child and the parent granted parenting time." MCL 722.27a(1). Additionally, under MCL 722.27a(8), "[p]arenting time shall be granted in specific terms *if requested* by either party at any time." (Emphasis added.)

Here, defendant incorrectly argues that the parenting time provision in the judgment of divorce must be reversed because it failed to specify the days and times for his parenting time. Under MCL 722.27(1)(b), the circuit court may "[p]rovide for reasonable parenting time of the child by the parties involved . . . by *general or specific terms* and conditions." (Emphasis added.) MCL 722.27(1)(b) then states that parenting time of a child by the parents is governed by MCL 722.27a. Under MCL 722.27a(8), "[p]arenting time shall be granted in specific terms *if requested* by either party at any time." (Emphasis added.) Read together, the statutes' plain and ordinary meanings clearly establish that the trial court may grant a party parenting time in general or specific terms. However, if a parent requests parenting time in specific terms, the trial court must grant parenting time accordingly. See, e.g., *Pickering v Pickering*, 268 Mich App 1, 7; 706 NW2d 835 (2005) (vacating a trial court's general parenting time provision, which granted the defendant reasonable and liberal parenting time, and reasoning that "once defendant moved for specific parenting time, the trial court erred, as a matter of law, in refusing to consider specific terms for parenting time"). In this case, the trial court granted defendant parenting time in general terms by allowing him supervised parenting time at the agency without specifying the days and times for such visitation. Defendant never asked the trial court to specify the days and times for such visits as is required under MCL 722.27a(8). Therefore, because MCL 722.27(1)(b) clearly allowed the trial court to grant defendant parenting time in general terms, there was nothing improper with the parenting time provision in the judgment of divorce and the trial court did not clearly err.[1]

## IV. DISCOVERY SANCTION

Defendant also argues that the trial court abused its discretion by barring him from cross-examining witnesses at the divorce trial. We disagree. Because defendant failed to preserve this issue for appeal, we review the trial court's decision for plain error. *Demski*, 309 Mich App at 426-427.

The trial court may limit a party's participation at trial when that party fails to comply with court orders, under MCR 2.313(B)(2), which states in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may order such sanctions as are just, including, but not limited to the following:

> \* \* \*

---

[1] Defendant is not, of course, precluded from requesting the trial court to modify or amend his parenting time, including to remove the condition that his parenting time be supervised. See MCL 722.27(c); see also *Kaeb v Kaeb*, 309 Mich App 556, 571-572; 873 NW2d 319 (2015). However, he has presented no basis for this Court to vacate the parenting-time provision of the judgment of divorce or to remand for the trial court to consider parenting time anew.

(b) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matters into evidence.

Additionally, sanctions imposed on defaulting parties in domestic relations cases are governed in part by MCR 3.210(B)(2)(d), which states:

(d) The court may permit a party in default to participate in discovery . . . file motions, and participate in court proceedings, referee hearings, mediations, arbitrations, and other alternative dispute resolution proceedings. The court may impose conditions or limitations on the defaulted party's participation.

Here, the trial court held defendant in default for failing to provide a witness list, an exhibit list, a trial brief, and updated financial information forms before the divorce trial, as was required by the trial court's scheduling order. Accordingly, the trial court was authorized to sanction defendant for failing to comply with court orders by barring him from cross-examining witnesses at the divorce trial. This Court has held that a trial court may bar a party from cross-examining witnesses at a divorce trial after the party has been held in default for failing to follow court orders. For example, in *Draggoo v Draggoo*, 223 Mich App 415; 566 NW2d 642 (1997), the trial court, in a divorce action, found the defendant in default for failing to comply with discovery and multiple trial court orders, and it barred him from cross-examining the plaintiff's witnesses or objecting to hearsay at the divorce trial. *Id*. at 420. On appeal, the defendant argued that he was prevented from participating in the divorce trial in a meaningful way by the trial court's sanction. *Id*. at 425. This Court affirmed, holding that the trial court did not abuse its discretion and reasoning that holding otherwise "would effectively undermine the court's inherent authority to enforce its own directives and [to mold] its relief according to the character of the case." *Id*. at 428-429 (quotation marks and citation omitted; alteration in original).

Here, like the defendant in *Draggoo*, defendant was barred from cross-examining the witnesses at his divorce trial after being held in default for failing to comply with the trial court's scheduling order. *Id*. at 427. The record shows that plaintiff was repeatedly forced to request that the trial court compel defendant to provide required discovery, that defendant failed to appear at a case management conference, and that defendant repeatedly violated the trial court's discovery orders, delaying mediation and the resolution of this case. The record also shows that the trial court warned the parties that violation of its discovery orders could result in sanctions including being barred from presenting evidence at trial, and further warned the parties that it would grant no further "leeway" regarding compliance with its orders; even after these warnings, defendant failed to comply with the scheduling order in several significant ways, including failing to file an exhibit list, a witness list, a trial brief, or updated financial information forms. On this record, the

trial court did not plainly err by preventing defendant from cross-examining plaintiff's witnesses at trial. *Demski*, 309 Mich App at 426-427.

Affirmed.

/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien
/s/ Adrienne N. Young